IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WALTER RICHARD FRANKLIN | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-08-CV-1729-M |
| CHRISTIE DOLIVE, ET AL. | § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Walter Richard Franklin, an inmate in the Dallas County Jail, against two state parole officials. On September 30, 2008, plaintiff tendered a complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on October 23, 2008. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

-1-

II.

In 2003, plaintiff was released to parole after serving part of his sentence for an unspecified criminal offense. While on parole, plaintiff was charged with four new offenses--robbery, aggravated robbery causing serious bodily injury, resisting arrest, and failure to identify himself to law enforcement. A parole violator's warrant was issued on May 13, 2008, and plaintiff was taken into custody shortly thereafter.

A preliminary revocation hearing was held on June 5, 2008 at the Dallas County Jail. Although the new charges against plaintiff were dropped, the hearing officer, Christie Dolive, found that plaintiff violated the conditions of his release by committing the new offenses. The parole board adopted those findings and revoked plaintiff's parole. Plaintiff now accuses Dolive and her supervisor, A. Miller, of violating his constitutional right to a fair hearing by making a probable cause determination without considering certain physical evidence, by refusing to hear the specific facts of the case, and by ignoring a statement by the victim that he believes demonstrates his innocence. By this suit, plaintiff seeks $500,000 in damages and a new revocation hearing before a different parole officer.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim on which relief may be granted; or

    (3)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

Plaintiff cannot maintain a federal civil rights action for at least two reasons. First, it does not appear that any state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid. Plaintiff is therefore precluded from suing for money damages under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Byrd v. Booker*, No. 3-08-CV-1049-K, 2008 WL 4062080 at *2 (N.D. Tex. Aug. 28, 2008), *citing Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) ("*Heck* applies to proceedings which call into question the fact or duration of parole."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 116 S.Ct. 148 (1995) (same). Second, claims against state parole officers and supervisors are barred under the doctrine of absolute immunity. *Miles v. Everette*, 88 Fed.Appx. 775, 775, 2004 WL 316497 at *1 (5th Cir. Feb. 18, 2004); *see also Hunter v. Rodriguez*, 73 Fed. Appx. 768, 769-70, 2003 WL 22070516 at *1 (5th Cir. Sept. 5, 2003) (holding that parole hearing officer and supervisor were entitled to absolute immunity "because they were participants

in the decision to revoke [plaintiff's] parole"). Because Dolive and Miller were acting within the scope of their authority at all times relevant to the claims made the basis of this suit, they are entitled to absolute immunity.[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent plaintiff seeks release from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, a search of Dallas County records reveals that plaintiff has never challenged his parole revocation in an application for state post-conviction relief under Article 11.07 of the Texas Code of Criminal Procedure. Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Henderson v. Quarterman*, No. 3-07-CV-0149-K, 2007 WL 1302398 at *1 (N.D. Tex. May 1, 2007) (Texas prisoner challenging parole revocation must present claims to Texas Court of Criminal Appeals before seeking federal habeas relief).